PER CURIAM.
In 1979, Sun City Groves, Inc., Epridge Corporation N.Y., and Hamton Corporation N.Y., created a joint venture, known as Sun City Groves Joint Venture, which purchased a citrus grove in Hillsborough County, Florida. When the grove was sold in 1988, Florida Citrus Management Company claimed that it was entitled to a grove management fee of $26,231 for services it had rendered while the joint venture owned the grove. That money was escrowed at the closing and thereafter placed in the registry of the circuit court. Florida Citrus’s claim to approximately $13,000 of that management fee has not been resolved.
Florida Citrus has had difficulty determining the proper entities to sue in order to recover these fees. At the time of the closing, the joint venture terminated. Ep-ridge Corporation and Hamton Corporation are Netherlands Antilles corporations which are authorized to transact business in Florida, but are in liquidation. Thus, Florida Citrus sued Rene Roux and Henri Marcel Dosmond, individually, and as “trustees in liquidation” of the two corporations. The trial court dismissed the complaint because Florida Citrus had not sued the correct parties to claim the funds in the court’s registry.
Although the two foreign corporations may have limited assets, at oral argument all parties agreed that they legally exist and are subject to service of process in Florida. The third joint venturer, Sun City Groves, Inc., is an existing Florida corporation. Although the three corporations may have terminated the joint venture among themselves, they still are liable for the debts which they incurred in that relationship. Accordingly, the trial court properly dismissed this complaint against the two individuals because Florida Citrus can sue *721 the members of the joint venture, obtain any appropriate judgment against them, and reach the funds in the registry of the court by virtue of that judgment.
Affirmed.
SCHEB, A.C.J., and DANAHY and ALTENBERND, JJ., concur.